UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY ALLEN AMONES, JR.,

Plaintiff,

v. CASE NO. 2:25-cv-1130-SJH

COMMISSIONER OF
SOCIAL SECURITY,

Defendant.
_______________________________/

**MEMORANDUM ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application under the Social Security Act ("Act") for a period of disability and disability insurance benefits. The Administrative Law Judge ("ALJ") found Plaintiff had not been under a disability from November 1, 2018, the alleged disability onset date, through December 31, 2023, the date last insured. Tr. at 152–165. For the reasons herein, the Commissioner's decision is **affirmed**.

## I. Standard of Review

Plaintiff appeals the denial of his application under Title II of the Act, 42 U.S.C. § 401 *et seq.*[2] Under § 405(g), judicial review "is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.

[2] The regulations under Title II are located at 20 CFR pt. 404.

correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *see also Ohneck v. Comm'r, Soc. Sec. Admin.*, No. 22-13984, 2023 WL 8946613, at *2 (11th Cir. Dec. 28, 2023).[3]

The agency's factual findings are "conclusive" if "substantial evidence" supports them. *Biestek v. Berryhill*, 587 U.S. 97, 99 (2019). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 103 (citation omitted). Though requiring "more than a mere scintilla" of evidence, the threshold for this standard "is not high[,]" *id.* (citation omitted), and does not require a preponderance of the evidence, *Flowers v. Comm'r, Soc. Sec. Admin.*, 97 F.4th 1300, 1309 (11th Cir. 2024); *see also Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 850 (11th Cir. 2015). So long as "the ALJ's decision clears the low evidentiary bar[,]" a reviewing court must affirm even if it "would have reached a different result and even if a preponderance of the evidence weighs against the Commissioner's decision[.]" *Flowers*, 97 F.4th at 1309. A reviewing court may not "decide the facts anew, make credibility determinations, or re-weigh evidence." *Id.* at 1306 (citation omitted); *see also Rodriguez v. Soc. Sec. Admin.*, 118 F.4th 1302, 1315–16 (11th Cir. 2024); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

---

[3] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289–90 (11th Cir. 2000); 11th Cir. R. 36-2.

The same deference does not attach to conclusions of law. *See Flowers*, 97 F.4th at 1304, 1306; *Martin*, 894 F.2d at 1529. A "failure to apply the correct legal standards or to provide the reviewing court with sufficient basis for a determination that proper legal principles have been followed mandates reversal." *Martin*, 894 F.2d at 1529; *see also Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

## II. The ALJ's Decision

Under the Act's general statutory definition, a person is considered disabled if unable to engage in substantial gainful activity by reason of a medically determinable impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of at least 12 months. *See* 42 U.S.C. § 423(d)(1)(A).[4] In making a disability determination, the Social Security Administration generally uses a five-step sequential process. 20 C.F.R. § 404.1520(a)(4).[5] The ALJ applied this five-

---

[4] Because the definitions of disability under Title II and Title XVI are the same, cases under one statute are generally persuasive as to the other. *See Jones v. Astrue*, No. 3:10-cv-914-J-JBT, 2011 WL 13173806, at *2 n.2 (M.D. Fla. Oct. 17, 2011).

[5] At step one, the person must show the person is not engaged in substantial gainful activity. At step two, the person must show the person has a severe impairment or combination of impairments. At step three, the person may show the impairment or combination of impairments meets or equals the severity of one of the listings in the appendix of the applicable regulations. Absent such a showing, at step four, the person must show the person cannot perform the person's past relevant work given the person's residual functional capacity ("RFC"). Step five, at which the burden temporarily shifts to the Commissioner, asks whether there are a significant number of jobs in the national economy the person can perform given the person's RFC, age, education, and work experience. If it is determined at any step the person is or is not disabled, the analysis ends without proceeding further. *See* 20 C.F.R. § 404.1520(a)(4); *Flowers*, 97 F.4th at 1308; *Jacob v. Comm'r of Soc. Sec.*, No. 8:22-cv-2435-CEH-TGW, 2024 WL 3548902, at *3–4 (M.D. Fla. July 26, 2024).

step sequential process. Tr. at 153–64.[6] At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from November 1, 2018, the alleged disability onset date, through December 31, 2023, the date last insured. *Id.* at 154. The ALJ found at step two that Plaintiff, through the date last insured, "had the following severe impairments: vision loss of the left eye; degenerative joint disease of the right hip; degenerative disc disease of the lumbar spine; generalized anxiety disorder; and post-traumatic stress disorder (PTSD) (20 CFR 404.1520(c))." *Id.* at 155. At step three, the ALJ found that Plaintiff did not, through the date last insured, have an impairment or combination of impairments that meets or equals a listed impairment. *Id.* The ALJ found that, through the date last insured, Plaintiff had the residual functional capacity ("RFC") to:

> lift and/or carry 20 pounds occasionally and 10 pounds frequently; sit for six hours in an eight hour workday; stand and/or walk for six hours in an eight hour workday; occasional climbing of ramps and/or stairs but no climbing ladders, ropes, and/or scaffolds; frequent balancing, stooping, kneeling, crouching, and crawling; no commercial driving; work environments of moderate noise as defined by Selected Characteristics of Occupations noise code III; no working in high, exposed places; no working in proximity to moving mechanical parts; limited to jobs requiring monocular vision; no peripheral vision; no depth perception; able to understand, remember, and carry out simple instructions; able to make simple work-related decisions; able to adapt to occasional changes in a routine work setting; occasional interaction with co-workers and supervisors; an[d] no interaction with the public.

[6] Title II of the Act "provides old-age, survivor, and disability benefits to insured individuals irrespective of financial need." *Smith v. Berryhill*, 587 U.S. 471, 475 (2019) (quotation omitted). The ALJ found Plaintiff last met the insured status requirements on December 31, 2023. Tr. at 152, 154.

*Id.* at 157 (emphasis removed). The ALJ found at step four that Plaintiff has no past relevant work through the date last insured, but found at step five that jobs exist in significant numbers in the national economy that Plaintiff could perform such that he was not under a disability through the date last insured. *Id.* at 163–64.

## III. Discussion

Plaintiff raises four issues on appeal:

> 1. Whether the [ALJ] erred in failing to reflect in the residual functional capacity ("RFC") Plaintiff's moderate limitation in concentration, persistence, or pace or to adequately explain why such restriction is not needed.
>
> 2. Whether the ALJ erred in failing to account for Plaintiff's headaches in the RFC and hypothetical questions to the vocational expert ("VE").
>
> 3. Whether the ALJ erred in citing router and price marker as these jobs are obsolete.
>
> 4. Whether the ALJ erred in failing to address Plaintiff's medication side effects.

Doc. 19 at 1.[7] Each is addressed in turn.

[7] To the extent, within the discussion of the specific issues Plaintiff raises, Plaintiff buries argument, in a perfunctory manner, as to other issues that have not been properly raised or developed, any such issues or arguments are not properly before the Court and need not be considered. *See Garrett v. Comm'r, Soc. Sec. Admin.*, No. 21-11749, 2022 WL 3226308, at *3 (11th Cir. Aug. 10, 2022); *Hemmelgarn v. Bisignano*, No. 8:24-cv-2723-CPT, 2026 WL 864993, at *9 (M.D. Fla. Mar. 30, 2026); *Jimenez v. Bisignano*, No. 8:24-cv-2509-AAS, 2025 WL 2860069, at *3 n.5 (M.D. Fla. Oct. 9, 2025); *Mecias v. Comm'r of Soc. Sec.*, No. 6:20-cv-2353-LHP, 2022 WL 3716738, at *5 n.9 (M.D. Fla. Aug. 29, 2022); *see also In re Blue Cross Blue Shield Antitrust Litig. MDL 2406*, 85 F.4th 1070, 1092 (11th Cir. 2023); *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1313 (11th Cir. 2023). To the extent the undersigned nevertheless discusses any such issues or arguments herein, it is merely to explain, in the alternative, why they would not warrant reversal even if properly raised and considered.

**A. First Issue**

Plaintiff first argues that the ALJ erred in failing to reflect in the RFC "Plaintiff's moderate limitation in concentration, persistence, or pace or to adequately explain why such restriction is not needed." Doc. 19 at 1, 9. But, the ALJ expressly provided that the RFC limits Plaintiff to "simple instructions in a routine work place with occasional changes, which well account for moderate deficits in understanding and remembering instructions as well as concentration, persistence [, or] pace deficits." Tr. at 163. Plaintiff concedes as much. Doc. 19 at 9. Thus, Plaintiff's argument rests on the premise that the ALJ's "limitation to simple instructions in a routine work place does address Plaintiff's moderate limitation in understanding, remembering, and carrying out instructions but has nothing to do with maintaining concentration, persistence, or pace" such that "the ALJ's claim that this limitation addresses Plaintiff's moderate limitation in maintaining concentration, persistence, or pace is ill-founded." *Id.* at 9–10; *see also* Doc. 21 at 1. But Plaintiff cites no authority for this bare assertion, which is reason enough not to accept Plaintiff's argument as to issue one. *See Garrett v. Comm'r, Soc. Sec. Admin.*, No. 21-11749, 2022 WL 3226308, at *3 (11th Cir. Aug. 10, 2022); *Hemmelgarn v. Bisignano*, No. 8:24-cv-2723-CPT, 2026 WL 864993, at *9 (M.D. Fla. Mar. 30, 2026); *Jimenez*, 2025 WL 2860069, at *3 n.5 (M.D. Fla. Oct. 9, 2025); *Mecias v. Comm'r of Soc. Sec.*, No. 6:20-cv-2353-LHP, 2022 WL 3716738, at *5 n.9 (M.D. Fla. Aug. 29, 2022); *see also In re Blue Cross Blue Shield Antitrust Litig. MDL 2406*, 85 F.4th 1070, 1092 (11th Cir. 2023); *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1313 (11th Cir. 2023).

In any event, even if considered, Plaintiff's bare premise—that a "limitation in understanding, remembering, and carrying out instructions" necessarily "has nothing to do with maintaining concentration, persistence, or pace" ("CPP") such that the ALJ's stated analysis was *per se* invalid—is unpersuasive. To be sure, courts have "rejected the argument that an ALJ generally accounts for a claimant's limitations in" CPP "by restricting the hypothetical question to simple, routine tasks or unskilled work. But when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in" CPP "courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011); *see also Jarrett v. Comm'r of Soc. Sec.*, 422 F. App'x 869, 872 (11th Cir. 2011) ("[A]n ALJ's hypothetical restricting the claimant to simple and routine tasks adequately accounts for restrictions related to" CPP "where the medical evidence demonstrates that the claimant retains the ability to perform the tasks despite concentration deficiencies."); *Andrews v. Dudek*, No. 8:24-cv-205-WFJ-TGW, 2025 WL 920565, at *7 (M.D. Fla. Feb. 28, 2025) ("The plaintiff argues, vaguely, that the RFC is deficient because it does not include 'pacing or production limitations'. This argument fails because Eleventh Circuit law holds that an RFC for simple, routine tasks sufficiently accounts for moderate limitations in CPP when there is medical evidence supporting that conclusion, which is present here." (internal citations omitted)), *report and recommendation adopted*, 2025 WL 917374 (M.D. Fla. Mar. 26, 2025); *Rodriguez v. Comm'r of Soc. Sec.*, No. 6:17-cv-1374-Orl-22GJK, 2018 WL 840129, at *3 (M.D. Fla.

Jan. 25, 2018), *report and recommendation adopted*, 2018 WL 829600 (M.D. Fla. Feb. 12, 2018).

As Plaintiff makes no effort to show that the analysis of the ALJ here was unsupported—simply declaring it invalid—Plaintiff's assignment of error fails. Moreover, substantial evidence supports the ALJ's analysis, which is confirmed by medical evidence. For example, Plaintiff does not challenge the ALJ's finding that the opinions of Dr. James Brown, the state agency psychological consultant at reconsideration, were persuasive. Tr. at 162. And, as the ALJ correctly noted, Dr. Brown opined that notwithstanding Plaintiff's moderate CPP limitations, Plaintiff was "maximally able to understand, to remember, and to carry out somewhat detailed but not complex instructions, make decisions, and/or concentrate for extended periods, accept instructions and respond appropriately to changes in a routine work setting." *Id.*; *see also id.* at 216. Plaintiff's first assignment of error fails.

**B. Second Issue**

Plaintiff next argues that the ALJ "erred in failing to account for Plaintiff's headaches in the RFC and hypothetical questions to the" VE. Doc. 19 at 1, 13. Plaintiff generally argues that the RFC "does not account for Plaintiff's headaches"; that Plaintiff reported his headaches and associated symptoms in a headache questionnaire; that Plaintiff's headaches, combined with his having only one eye, contribute to vision problems; and that his headaches cause nausea and sensitivity to noise. *Id.* at 13–14.

The ALJ acknowledged Plaintiff's headaches and found them to be a non-severe impairment, which Plaintiff does not genuinely challenge. Tr. at 155.[8] But the ALJ also found other severe impairments, and, when discussing both those impairments that were severe and those that were non-severe, stated that the ALJ "considered all of the claimant's medically determinable impairments, including those that were not severe, when assessing the claimant's" RFC. *Id.* Similarly, in discussing the RFC, the ALJ expressly considered the entire record and of all of Plaintiff's symptoms. *Id.* at 157–58. And the record bears out that these assurances were not hollow and thus sufficient. *See Peters v. Comm'r of Soc. Sec.*, No. 8:22-cv-2665-JSS, 2023 WL 12176560, at *4 (M.D. Fla. Dec. 14, 2023); *Phim v. Kijakazi*, No. 8:22-cv-1655-TGW, 2023 WL 12176561, at *6 (M.D. Fla. Sept. 5, 2023).

For example, when formulating the RFC, the ALJ discussed, *inter alia*, Plaintiff's subjectively reported symptoms—including his inability to sleep for more than a few hours at a time and his sensitivity to sound—but found Plaintiff's allegations inconsistent with other evidence such that the evidence did not warrant any greater limitations than those imposed in the RFC. Tr. at 158. The ALJ also discussed Plaintiff's treatment, which specifically included a March 2019 evaluation reflecting

---

[8] Buried within Plaintiff's argument as to issue two, Plaintiff includes a passing and unsupported declaration that the ALJ should have found the headaches to be a severe impairment. Doc. 19 at 14. Any such issue or argument has not been sufficiently and properly raised and need not be considered. *See supra* note 7. Regardless, the ALJ found multiple severe impairments at step two and proceeded to subsequent steps in the sequential analysis where, as discussed herein, the ALJ properly considered all severe and non-severe impairments. *See* Tr. at 155; *see also Peters v. Comm'r of Soc. Sec.*, No. 8:22-cv-2665-JSS, 2023 WL 12176560, at *4 (M.D. Fla. Dec. 14, 2023); *Figueroa v. Kljakazl*, No. 8:22-cv-2216-AAS, 2023 WL 4574294, at *4 (M.D. Fla. July 18, 2023).

"no need for headache medications" and normal imaging in April 2019 showing "no temporal correlation with the claimant's complaints of headaches." *Id.* at 159. In short, the ALJ properly considered all impairments, severe and non-severe, headaches included, in formulating the RFC.

Moreover, Plaintiff has not cogently "identified any specific functional limitation that was omitted that should have been included in the RFC due to headaches." *Phim*, 2023 WL 12176561, at *6. Nor has Plaintiff shown evidentiary support for any functional limitation due to headaches that was not included in the ALJ's RFC. *See id.* at *7.[9] Plaintiff's second assignment of error fails.

**C. Third Issue**

Plaintiff next challenges the ALJ's citation to the jobs of router and marker, which Plaintiff argues are "obsolete." Doc. 19 at 1, 15. The Court declines Plaintiff's invitation to declare the positions of router and marker obsolete and find corresponding error. *See Roper v. Dudek*, No. 6:25-cv-226-CEM-DCI, 2025 WL 3036536, at *2 (M.D. Fla. Oct. 1, 2025), *report and recommendation adopted*, 2025 WL 3034788 (M.D. Fla. Oct. 30, 2025); *Hall v. Comm'r of Soc. Sec.*, No. 3:23-cv-1141-DNF, 2024 WL 3385452, at *5 (M.D. Fla. July 12, 2024); *Gonzalez v. Comm'r of Soc. Sec.*, No. 8:23-cv-106-JSS, 2024 WL 489494, at *8–9 (M.D. Fla. Feb. 8, 2024); *Hemmings v.*

[9] To the contrary, the ALJ's restrictive RFC specifically accounts for, among other things, vision limitations and sensitivity to sound. *See* Tr. at 157, 162–63. And state agency medical consultants considered Plaintiff's file (including allegations of headaches) and opined as to limitations *less* restrictive than those ultimately imposed in the RFC (with the ALJ finding such opinions not persuasive to the extent of imposing certain more restrictive limitations). *See id.* at 196–97, 201–03, 207–09, 211–14, 161–62.

*Kijakazi*, No. 8:23-cv-977-SPF, 2023 WL 6173448, at *7 (M.D. Fla. Sept. 22, 2023). Plaintiff's third assignment of error fails.

**D. Fourth Issue**

Plaintiff finally contends that "the ALJ erred in failing to address Plaintiff's medication side effects." Doc. 19 at 1, 17. But the ALJ not only expressly considered Plaintiff's medication side effects, Tr. at 158, the ALJ specifically acknowledged and accounted for them in formulating the RFC, *id.* at 163.[10] Plaintiff's fourth assignment of error fails.

## IV. Conclusion

Accordingly, it is **ordered**:

1. The Commissioner's decision is **affirmed**; and

2. The Clerk of Court is **directed** to enter judgment in favor of Defendant and to close this file.

**DONE AND ORDERED** in Jacksonville, Florida, on July 24, 2026.



Samuel J. Horovitz
United States Magistrate Judge

[10] Defendant notes as much and that a plain reading of the ALJ's decision belies Plaintiff's argument, Doc. 20 at 13, which Plaintiff does not address on reply, Doc. 21.

Copies to:

Counsel of Record